No. 113,157

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Protest of
JONES, VEARL W. JR. & LINDA J.
for the Year 2012 in Wyandotte County, Kansas,

and

In the Matter of the Equalization Appeal of
JONES, VEARL W. JR. & LINDA J.
for the Year 2013 in Wyandotte County, Kansas.

SYLLABUS BY THE COURT

1.

An appellate court reviews a decision from the Board of Tax Appeals in the manner prescribed by the Kansas Judicial Review Act, K.S.A. 77-601 *et seq*. The court may grant relief pursuant to K.S.A. 2015 Supp. 77-621.

2.

A court does not extend deference to an agency's statutory interpretation and, instead, reviews such questions de novo. In matters of statutory interpretation, a court's goal is to determine the legislature's intent through the statute's language, which is generally done by giving ordinary words their ordinary meaning.

3.

Statutes which impose a tax are to be construed strictly in favor of the taxpayer.

1

4.

In cases involving statutory construction, courts are not permitted to consider only a certain isolated part or parts of an act but are required to consider and construe together all parts thereof in pari materia.

5.

With regard to the Board of Tax Appeal's factual findings, a court's duty is to determine whether the evidence supporting the agency's factual findings is substantial when considered in light of the record as a whole. The term "in light of the record as a whole" is statutorily defined to include the evidence both supporting and detracting from an agency's finding. In reviewing the evidence in light of the record as a whole, a court neither reweighs the evidence nor engages in de novo review. K.S.A. 2015 Supp. 77-621(c)(7), (d).

6.

Land devoted to agricultural use shall not include those lands which are used for recreational purposes, suburban residential acreages, rural home sites or farm home sites and yard plots whose primary function is for residential or recreational purposes even though such properties may produce or maintain some plants or animals.

Appeal from Board of Tax Appeals. Opinion filed February 12, 2016. Affirmed.

*Linda Terrill* and *Darcy Demetre Hill*, of Property Tax Law Group, LLC, of Leawood, for appellants Vearl W. Jones, Jr., and Linda J. Jones.

*Ryan Carpenter*, assistant counsel, for appellee Unified Government of Wyandotte County/Kansas City, Kansas.

Before GARDNER, P.J., HILL and POWELL, JJ.

2

POWELL, J.:  Vearl W. Jones, Jr, and Linda J. Jones are the owners of real property in Wyandotte County, Kansas, that contains a house and 10.4 acres of surrounding land. Beginning in 2011, the Joneses grew hay for sale on 9 acres of the property. However, the County classified the property as residential use for both the 2012 and 2013 tax years. Both years, the Joneses unsuccessfully appealed this classification to the small claims division of the Court of Tax Appeals, now the Board of Tax Appeals (BOTA), seeking to have the property designated as agricultural which would trigger a lower ad valorem tax rate.

The Joneses then appealed the classification for the 2012 and 2013 tax years to BOTA, arguing that the subject property, excluding the portion containing the house, was land devoted to agricultural use and should be classified as such. BOTA sustained the subject property's original classification use as residential. The Joneses now appeal to this court, contending that the portion of their property that does not contain the house is land devoted to agricultural use. Because we agree with BOTA that the Joneses' property is suburban residential acreage primarily used for residential purposes, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

BOTA accurately recited the facts as follows (Note: The Joneses are referred to as Taxpayer.):

"The Taxpayer acquired the subject property in 1994. At the time of acquisition, the property was used for agricultural purposes and no residence was present on the property. The subject residence was constructed on the property in 1995.

"In December 2011, the Taxpayer notified Natalie Koberlein of the Wyandotte County Appraiser's office that 9 acres of the subject property was over-seeded, fertilized, and the resulting hay crop was pre-sold. The Taxpayer does not claim the income derived from sale of the hay crop on [their] federal income tax return. Koberlein initially

3

represented to the Taxpayer that the subject property's classification would be changed, yet later submitted that she did not have authority to change the property's classification for tax year 2012 and directed the Taxpayer to contact Ryan Carpenter, Assistant Wyandotte County Counselor. The Taxpayer further noted that there were vacant parcels in the subject area that were hayed that had been classified as agricultural use land by the County.

"Eugene Bryan, County Appraiser, testified that he has observed hay bales on the subject property, yet he determined that the mere presence of hay bales is not sufficient to allow property to qualify for the agricultural use classification. Bryan testified that the subject property is suburban residential acreage as described in K.S.A. 79-1476; therefore, it does not qualify for agricultural use classification. Bryan, further, submitted that Koberlein made statements beyond her authority when she represented to the Taxpayer that they may qualify for the agricultural use classification.

"The County determined that the subject property did not qualify for agricultural classification and did not change the property's classification to agricultural use property for either tax year at issue."

The Joneses appealed to BOTA, arguing only that the classification of the subject property for the 2012 and 2013 tax years was incorrect. BOTA sustained the subject property's classification as residential use, determining that the land's primary function was for residential purposes as described in K.S.A. 2013 Supp. 79-1476. As such, the subject property was excluded from land devoted to agricultural use.

The Joneses submitted a timely petition for judicial review.

DID BOTA CORRECTLY CLASSIFY THE SUBJECT PROPERTY?

On appeal, the Joneses submit two arguments: (1) BOTA misinterpreted K.S.A. 2013 Supp. 79-1476 in determining that the subject property's primary function was residential and not allowing a mixed-use classification; and (2) BOTA lacked substantial

4

competent evidence supporting its determination that the subject property's primary function was residential.

We review a decision from BOTA in the manner prescribed by the Kansas Judicial Review Act, K.S.A. 77-601 *et seq*. We may grant relief pursuant to K.S.A. 2015 Supp. 77-621, the pertinent portions of which provide:

"(c) The court shall grant relief only if it determines any one or more of the following:

. . . .

"(4) the agency has erroneously interpreted or applied the law;

. . . .

"(7) the agency action is based on a determination of fact, made or implied by the agency, that is not supported to the appropriate standard of proof by evidence that is substantial when viewed in light of the record as a whole, which includes the agency record for judicial review, supplemented by any additional evidence received by the court under this act; or

"(8) the agency action is otherwise unreasonable, arbitrary or capricious."

We do not extend deference to an agency's statutory interpretation and, instead, review such questions de novo. See *Douglas v. Ad Astra Information Systems*, 296 Kan. 552, 559, 293 P.3d 723 (2013); *In re Tax Appeal of LaFarge Midwest*, 293 Kan. 1039, 1044, 271 P.3d 732 (2012). In matters of statutory interpretation, "[o]ur goal is to determine the legislature's intent through the statute's language, which is generally done by giving ordinary words their ordinary meaning." *In re Protests of Oakhill Land Co.*, 46 Kan. App. 2d 1105, 1111, 269 P.3d 876 (2012). "Statutes that *impose* the tax are to be strictly construed in favor of the taxpayer." *In re Tax Appeal of Harbour Brothers Constr. Co.*, 256 Kan. 216, 223, 883 P.2d 1194 (1994).

5

With regard to BOTA's factual findings, our duty is to determine whether the evidence supporting the agency's factual findings is substantial when considered in light of the record as a whole. K.S.A. 2015 Supp. 77-621(c)(7); *Sierra Club v. Moser*, 298 Kan. 22, 62, 310 P.3d 360 (2013). The term "in light of the record as a whole" is statutorily defined to include the evidence both supporting and detracting from an agency's finding. K.S.A. 2015 Supp. 77-621(d). In reviewing the evidence in light of the record as a whole, we neither reweigh the evidence nor engage in de novo review. K.S.A. 2015 Supp. 77-621(d).

A.      *Did BOTA misinterpret K.S.A. 2013 Supp. 79-1476 in determining the subject property's appropriate classification?*

The Joneses argue BOTA misinterpreted K.S.A. 2013 Supp. 79-1476 by not allowing a mixed-use classification of residential and agricultural. K.S.A. 2013 Supp. 79-1476 provides, in pertinent part:

> "Land devoted to agricultural use shall *not* include those lands which are used for recreational purposes, . . . suburban residential acreages, rural home sites or farm home sites and yard plots whose primary function is for residential or recreational purposes even though such properties may produce or maintain some of those plants or animals listed in the foregoing definition." (Emphasis added.)

In short, K.S.A. 2013 Supp. 79-1476 serves to exclude from agricultural classification land primarily used for residential purposes regardless of whether such land has a subordinate agricultural use. See *Board of Johnson County Comm'rs v. Smith*, 18 Kan. App. 2d 662, 669, 857 P.2d 1386 (1993).

The Joneses, however, derive their argument from Directive #92-022, promulgated by the Kansas Department of Revenue, Division of Property Valuation and approved on November 3, 1992, which states:

"Many suburban residential acreages and rural homesites encompass anywhere from two to twenty acres, and in some cases even more. Although the house, garage and surrounding landscaped lawn may only occupy one acre, the remaining acreage should not be valued as agricultural land if the primary function is for residential or recreational purposes. . . .

. . . .

"Each tract must be considered individually and delineated as to what is actually being used. While an appraiser may choose to include septic drain fields, zoning factors, etc., in the homesite delineation which might infer a minimum size, there **can not** be a standard size established for the homesite. Each site must be delineated on the map and the area calculated to the nearest one-tenth of an acre."

Focusing entirely on the portion of Directive #92-022 that provides: "Each tract must be considered individually and delineated as to what is actually being used," the Joneses contend BOTA was required to grant a mixed-use classification for the subject property. BOTA's failure to classify the portion of the subject property used for hay production was, according to the Joneses, an error of law.

We disagree because "in cases involving statutory construction, 'courts are not permitted to consider only a certain isolated part or parts of an act, but are required to consider and construe together all parts thereof *in pari materia.*'" *Board of Miami County Comm'rs v. Kanza Rail-Trails Conservancy, Inc.*, 292 Kan. 285, 323, 255 P.3d 1186 (2011) (quoting *Kansas Commission on Civil Rights v. Howard*, 218 Kan. 248, Syl. ¶ 2, 544 P.2d 791 [1975]). The Joneses' argument outright ignores the remaining language in Directive #92-022 that clearly prohibits property from maintaining an agricultural classification where the primary use of the land is residential: "Although the house, garage and surrounding landscaped lawn may only occupy one acre, the remaining acreage should not be valued as agricultural land if the primary function is for residential or recreational purposes."

7

Moreover, even if we were to agree with the Joneses' construction of Directive #92-022 as allowing for a mixed-use residential and agricultural classification, as we have already suggested, it is prohibited by the statute. K.S.A. 2013 Supp. 79-1476 specifically *excludes* from an agricultural classification suburban residential acreages or rural home sites, either of which the Joneses' property could be accurately described, which have as their primary function a residential purpose. Because a directive cannot trump a statute, the Joneses' argument fails. See *NCAA v. Kansas Dept. of Revenue*, 245 Kan. 553, 557, 781 P.2d 726 (1989) (quoting *Director of Taxation v. Kansas Krude Oil Reclaiming Co.*, 236 Kan. 450, Syl. ¶ 2, 691 P.2d 1303 [1984] [agency may not "modify, alter, or enlarge the legislative act which is being administered"]).

Both K.S.A. 2013 Supp. 79-1476 and Directive #92-022 clearly state that land primarily used for residential purposes cannot carry an agricultural classification. Therefore, we must reject the Joneses' mixed-use argument.

B.      *Was BOTA's determination that the subject land's primary use was residential supported by substantial competent evidence?*

Next, the Joneses contend that there is no evidence in the record supporting BOTA's decision that the subject property's primary use was residential. Under an apparent assumption that the subject property was eligible for a mixed-use classification, the Joneses assert there is no factual support that the 9 acres used for growing hay is primarily used for residential purposes.

BOTA assessed the entire subject property together, however, and the facts supporting its conclusion are ample: (1) Linda Jones testified that the primary use of the property was as a home; (2) the Joneses bought the subject property in 1994 and completed construction of the house in 1995 yet only began using a portion of the subject property for hay production in 2011; (3) the subject property contains a pond, driveway,

8

and detached garage, all of which benefit the home and cannot be used for agricultural purposes; and (4) Wyandotte County, the location of the subject property, is one of the three most populated counties in Kansas.

In light of the record as a whole, there was substantial and competent evidence upon which BOTA could rule that the primary use of the subject property was residential.

Affirmed.